UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

      -v.-                                         ORDER

THOMAS JIMINEZ,                          No. 10-CR-392-23 (CS)

                  Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Thomas Jiminez's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 1317.)

      On June 3, 2013, Defendant was sentenced principally to 180 months' imprisonment on his convictions for racketeering conspiracy, narcotics conspiracy, and use of a firearm in connection with a narcotics conspiracy. (ECF No. 758.) That sentence was below the advisory Sentencing Guidelines range of 211-248 months. He argues that his sentence should be reduced because: 1) his parents are ailing and he is the only available caregiver; 2) he would receive a lower sentence if he were sentenced today; and 3) he has made efforts at rehabilitation while imprisoned.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is

substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances[1]; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[2]

Separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence." *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common

---

[1]The family circumstances described in the Application Note are the death or incapacitation of the caregiver of the defendant's minor child or children, and the incapacitation of the defendant's spouse or registered partner where the defendant would be the only available caregiver for the spouse or partner. U.S.S.G. § 1B1.13 p.s., comment. (n.1(C)).

[2]The Court will send Defendant copies of any unpublished decisions cited in this Order.

to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors."). Further, Defendant has provided no details about the health of his parents, who are only 65 and 57,[3] and according to his Presentence Report, Defendant has two paternal half-siblings and five maternal half-siblings. He has presented no reason to believe that one or more of them could not provide any care required for his parents.

Next, I do not see how or why Defendant would get a lower sentence if sentenced today. His narcotics offense involved more than one kilogram of heroin, which carried a ten-year mandatory minimum sentence then and now, and his firearms count, which was pegged to that narcotics conspiracy, carried a mandatory minimum five years consecutive, then and now.[4]

Finally, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction. *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's participation in programming is commendable, and hopefully will be of value to him

---

[3]At the time his Presentence Report was prepared, Defendant's father lived in Panama. If that is still the case, it is most unlikely Defendant would be permitted to reside or visit there while on supervised release.

[4]If Defendant means to argue that his First Step Act credits are being incorrectly calculated by the Bureau of Prisons, he should avail himself of the administrative grievance process and, if need be, any judicial remedies that may be available in the District where he is held.

upon his release, but it is not exceptional or even unusual. *See United States v. Bennett*, No. 15-CR-95, 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) ("[D]istrict courts in this Circuit have widely held that rehabilitation through participation in prison programs and religious organization does not constitute an 'extraordinary and compelling' justification for release.'") (internal quotation marks and citation omitted) (collecting cases).[5]

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances. Even if they did, the § 3553(a) factors – especially the nature and seriousness of the offenses, the need to protect the public, the need to promote respect for the law and the need for deterrence – would militate against reduction of Defendant's sentence..

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 1317 and to send a copy of this Order to Thomas Jiminez, No. 64665-054, FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08320.

Dated: May 4, 2023
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[5] The records provided by Defendant reflect six disciplinary incidents in the last ten years, three of them regarded as serious, but no details are included. (ECF No. 1317 at 22.) Even if were to assume that these are not recent, maintaining good conduct in prison is also not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).